UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BERNARD A. MARSON,

                          *Plaintiff*,

           - against -

SOCIAL SECURITY ADMINISTRATION,

                        *Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

15 Civ. 2891 (PAC)

**OPINION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On April 6, 2015, *pro se* plaintiff Bernard A. Marson filed this action against the Social

Security Administration (SSA) seeking retroactive payment of Social Security benefits for his

military service. Following a decision issued by an Administrative Law Judge (ALJ) on June 13,

2016, Marson requests that the Court take jurisdiction over his claim.

Marson is an 85-year-old veteran. He alleges that in 2013, he was informed that the Social

Security benefits that he received from 1996 to 2013 did not credit his military service. Marson

submitted proof of his military service to the SSA, and was advised that his monthly benefits would

increase by $16 per month. Marson contends that he was also advised that he would receive

retroactive payment for the months in 1996 to 2013 when his military service was not credited.

Marson alleges, however, that he did not receive any retroactive payment and was eventually told

that he was not entitled to it.

Marson filed a request for reconsideration with the SSA on July 15, 2014, but by the time he

filed this action nearly nine months later, he had not received a response. On May 19, 2015,

Marson's request for reconsideration was denied, and Marson asserts that on May 22, 2015, he

requested a hearing before an ALJ. On November 12, 2015, the Clerk of Court noted the SSA's

default in this action, and Marson filed a motion for judgment by default.

On March 22, 2016, the Court held a conference where counsel for the SSA explained that the SSA did not have any record of receiving Marson's May 22, 2015 request for a hearing, and that the SSA was determining whether it could expedite Marson's request.  During a subsequent conference on April 6, 2016, the SSA agreed to expedite review of Marson's claim if he filed a new request for a hearing.  Marson did so, and a hearing was held on May 25, 2016.

On June 13, 2016, the ALJ issued a decision concluding that Marson was not owed any retroactive payment.  In a letter dated October 31, 2016, Marson informed the Court that he filed an appeal on July 21, 2016, but that the SSA had not answered his appeal within the 60 days required "[u]nder SSA rules."  He requests that the Court take jurisdiction over his claim.

Marson's frustration at waiting for the Appeals Council to answer his appeal is quite understandable.  The fact is, however, that the Appeals Council has not issued a decision, and so Marson has not exhausted his administrative remedies.  At present, the Court cannot review his claim.  *See Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (explaining that 42 U.S.C. § 405(g) permits judicial review only where a plaintiff has received a final decision from the Appeals Council).  Nor can the Court excuse the exhaustion requirement.

In excusing the exhaustion requirement, courts have considered whether (i) "the claim is collateral to a demand for benefits;" (ii) "exhaustion would be futile;" and (iii) the plaintiff "would suffer irreparable harm if required to exhaust administrative remedies."  *See id.*  The basis for Marson's request, however, is that the Appeals Council has not answered his appeal within 60 days.  The Court is not aware of any statute or regulation requiring that the Appeals Council answer an appeal within 60 days.[1]  And the four months that Marson has waited for an answer is not so great as to excuse the exhaustion requirement, *see id.* at 151–52 (rejecting a six-month bright-line rule), especially when considering the important purposes that exhaustion serves, *see McCarthy v.*

---

[1] Indeed, it appears that for fiscal year 2014, the average processing time for an appeal to the Appeals Council was 386 days.  Information About Requesting Review of an Administrative Law Judge's Hearing Decision, Social Security Administration, https://www.ssa.gov/appeals/appeals_process.html (last visited November 30, 2016).

*Madigan*, 503 U.S. 140, 145 (1992) ("Exhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency.").

On the other hand, the internal machinery of the SSA has held Marson's case in its administrative claws since 2013. This is far too long, especially in light of his age and prior service to our country. He deserves better. The Court urges the Appeals Council to proceed expeditiously.

Marson's request that the Court take jurisdiction over this matter is DENIED at this time. The Clerk of Court is directed to enter judgment and close the case.

Dated:  New York, New York
       November 30, 2016

                             SO ORDERED

                             PAUL A. CROTTY
                             United States District Judge

Copy mailed to:

Bernard A. Marson
60 Riverside Blvd.
2401
New York, NY 10069